SANDRA MESSINA *v.* JOHN MESSINA
(8042)

BORDEN, DALY and LAVERY, Js.

Argued February 6—decision released June 26, 1990

*Prescott W. May,* for the appellant (defendant).

*Lee Marlow,* for the appellee (plaintiff).

LAVERY, J. This appeal is a sequel to our recent decision in *Messina* v. *Messina,* 18 Conn. App. 815, 559 A.2d 1185 (1989), in which we affirmed the trial court's judgment holding the defendant in contempt of court. Following our decision in that case, the plaintiff moved the trial court to order the defendant to reimburse her for the expenses she incurred in defending the appeal. After a hearing, the trial court awarded the plaintiff an allowance for attorney's fees to defend the appeal. The defendant now appeals from that order and claims that the trial court failed to take into consideration the parties' respective financial situations when it awarded the plaintiff the allowance.

The dispositive issue in this case is whether General Statutes § 46b-62 applied, prior to October 1, 1988, to

the award of attorney's fees in appeals from contempt matters arising out of dissolution cases. We find that § 46b-62 did apply and, accordingly, we reverse the trial court's award of attorney's fees.

The uncontroverted facts are as follows: The marriage between the plaintiff and the defendant was dissolved on April 11, 1986. Subsequent to the dissolution judgment, a civil judgment in an unrelated matter was entered against both parties in the amount of $31,000 for a debt shown on the defendant's financial affidavit. A judgment lien was filed on the plaintiff's property, and the plaintiff satisfied the judgment and the associated costs. The plaintiff then filed a contempt motion against the defendant for his failure to indemnify and hold her harmless, as he had been ordered to do under the terms of the judgment of dissolution.

On July 13, 1988, the defendant was found in contempt. He appealed to this court, which, in a per curiam decision, affirmed the trial court. See *Messina* v. *Messina,* supra. The plaintiff then filed a motion for an allowance to defend the appeal. The trial court, without examining the parties' respective financial resources, awarded the plaintiff attorney's fees in the amount of $4807. The trial court found that General Statutes § 52-256b[1] gave it the power to award attorney's fees in a contempt situation without examining the respective financial abilities of the parties. The defendant appealed.

---

[1] "[General Statutes] Sec. 52-256b. AWARD OF ATTORNEY'S AND OFFICER'S FEES IN CONTEMPT ACTION. (a) When any person is found in contempt of any order or judgment of the superior court, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt.

"(b) This section shall not apply to the case of any person found in contempt of an order of the superior court entered under sections 46b-60 to 46b-62, inclusive, 46b-81 to 46b-83, inclusive, or 46b-86, which is provided for under section 46b-87."

Several statutory sources of authority exist under which a trial court may award a party attorney's fees. These statutes, however, apply in only certain situations and the trial court based its order on the wrong statute.

Section 52-256b (a), the section upon which the trial court relied, authorizes the court to award attorney's fees to a successful contempt petitioner. This section does not apply, however, in the case of a person found in contempt of an order entered under § 46b-81. General Statutes § 52-256b (b). The trial court's judgment ordering the defendant to indemnify the plaintiff was an assignment of property authorized by § 46b-81. *Beede* v. *Beede,* 186 Conn. 191, 440 A.2d 283 (1982). Because the defendant was found in contempt of an order entered under § 46b-81, the trial court could not award the plaintiff attorney's fees under § 52-256b (a). General Statutes § 52-256b (b).

The trial court, as it correctly noted, was also foreclosed from relying on General Statutes § 46b-87,[2] which authorizes the court to award successful contempt petitioners attorney's fees. Although this section authorizes contempt awards specifically against parties found in contempt of orders entered, inter alia, under § 46b-81, the specific provision authorizing the award of attorney's fees as a contempt award was not made part of the statute until October 1, 1988. The

---

[2] General Statutes § 46b-87 provides: "When any person is found in contempt of an order of the superior court entered under section 46b-60 to 46b-62, inclusive, 46b-81 to 46b-83, inclusive, or 46b-86, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt, provided if any such person is found not to be in contempt of such order, the court may award a reasonable attorney's fee to such person. The costs of commitment of any person imprisoned for contempt of court by reason of failure to comply with such an order shall be paid by the state as in criminal cases."

defendant was found in contempt prior to October 1, 1988, and this portion of the statute therefore did not apply to him.

In *Krasnow* v. *Krasnow,* 140 Conn. 254, 261–62, 99 A.2d 104 (1953), the court defined the inherent power of the trial court to award counsel fees on an appeal from an order of contempt based on the financial abilities of the parties. The court held that "the fact that there is no statute providing for an allowance in a divorce action is not decisive. The question is whether the power to make an allowance continues after the original decree, regardless of whether that power is inherent in the court, as some of the cases hold, or is granted by statute. As the jurisdiction of the court to modify the decree in matters of alimony and custody is a continuing one, so too, in reason and justice, is its power to make an allowance when these matters are again in issue after the final decree." Id., 262.

"Whether to allow counsel fees, and if so in what amount, is a matter which, like the fixing of alimony, calls for the exercise of a judicial discretion. *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791 [(1938)]; Keezer, Marriage & Divorce (3d Ed.), p. 676." *Krasnow* v. *Krasnow,* supra, 262–63.

This inherent power was later codified in General Statutes § 46b-62. Under this section, the court "may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."[3] This section has been used to order

---

[3] General Statutes § 46b-82 provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and

the payment of attorney's fees to defend an appeal from a contempt judgment; see *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983); which is precisely the scenario presented by the present case. Thus, § 46b-62 was the proper vehicle for the trial court's award of attorney's fees.

We note that the decisive issue before us in the present case concerns the parameters of the trial court's inherent power to award an allowance to defend an appeal from a contempt judgment in light of General Statutes § 46b-62. We do not need to decide, and we do not address, the question of whether that statute affects the trial court's inherent power to impose fines and award attorney's fees to *enforce* its contempt judgment. This distinction is clearly present in *Friedlander.* The *Friedlander* court held that the trial court has the inherent power to fine one who has been found in contempt and to award counsel fees.

The *Friedlander* court then went on to hold, however, that the trial court has the inherent power to award an allowance *to defend an appeal from* a contempt judgment, but that in the exercise of this discretion, the court should "consider the statutory criteria set out in General Statutes §§ 46b-62 and 46b-82 and the respective financial abilities of the parties." Id., 87. It appears to us, therefore, that *Friedlander* stands for the proposition that the trial court's inherent power to award an allowance to defend an

the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

appeal from a contempt judgment is tempered by the statutory considerations in §§ 46b-62 and 46b-82. The allowance in the present case was not a contempt award per se, but an allowance to defend an appeal from a contempt judgment. Thus, the second portion of the *Friedlander* holding, not the first, controls the present case. See also *Mallory* v. *Mallory,* 207 Conn. 48, 55–56, 539 A.2d 995 (1988); *Mays* v. *Mays,* 193 Conn. 261, 268–70, 476 A.2d 562 (1984).

The trial court, however, failed to consider the respective financial positions of the parties, as required by § 46b-62, and its award to the plaintiff of an allowance to defend the appeal is therefore improper under that section. *Caracansi* v. *Caracansi,* 4 Conn. App. 645, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.