SHEILA L. GIBSON *v.* KEITH A. GIBSON
(12820)

DUPONT, C. J., O'CONNELL, FREEDMAN and SPEAR, Js.

Considered March 14—decision released April 12, 1994

*Wesley W. Horton,* in support of the motion.

*William J. Eddy* and *William J. Tracy, Jr.,* in opposition to the motion.

PER CURIAM. The plaintiff in this dissolution of marriage action has filed a motion to strike the issue of postjudgment counsel fees from the defendant's brief. The dispositive issue is whether this court's January 27, 1994 dismissal of the defendant's amended appeal, which raised the issue of counsel fees, precludes the defendant from addressing this same issue in his brief on the main appeal.

The facts in this case are undisputed. The parties' marriage was dissolved by the trial court on August 26, 1993. On September 14, 1993, the defendant appealed to this court from the judgment of dissolution. Thereafter, the plaintiff filed a motion for counsel fees in the trial court. During a hearing held on October 21, 1993, the trial court granted the plaintiff's motion for counsel fees in the amount of $5000.

On November 15, 1993, the defendant filed an amended appeal to include a challenge to the postjudgment award of counsel fees. On November 22, 1993, the plaintiff moved to dismiss the amended appeal as untimely. Practice Book § 4006 provides in pertinent part: "Should the trial court, subsequent to the filing of the appeal, make a ruling which the appellant desires to have reviewed by this court, the appellant shall file an amended appeal form in the trial court within twenty

days from the issuance of notice of the ruling. . . .'' In this case, the defendant failed to amend his appeal within the twenty day period. Therefore, this court granted the plaintiff's motion to dismiss the amended appeal on January 27, 1994.

Despite the dismissal of the amended appeal, the defendant's brief, filed on February 4, 1994, addressed the issue of the trial court's award of counsel fees to the plaintiff. In response, the plaintiff filed a motion to strike that portion of the defendant's brief as improper in light of the dismissal of the amended appeal.

Practice Book § 4183 provides in part that this court ''may . . . on its own motion or upon motion of any party . . . (3) order improper matter stricken from . . . a brief . . . .'' Because this court's dismissal of the untimely amended appeal precluded the defendant from raising the issue of counsel fees, the portion of the defendant's brief addressing this issue is ''improper matter'' that should be stricken from his brief. To hold otherwise would be to allow the defendant to circumvent the order of this court dismissing his untimely amended appeal.

The plaintiff's motion to strike is granted.