CYNTHIA GROSCH *v.* DOUGLAS R. GROSCH
(12496)

Lavery, Schaller and Hennessy, Js.

Submitted October 2—decision released October 24, 1995

*Joseph A. Hourihan*, with whom, on the brief, was *Joan Keating-McKeon*, for the appellant (plaintiff).

*Paul Litman*, for the appellee (defendant).

PER CURIAM. The plaintiff appealed this dissolution matter on three grounds: (1) Did the court improperly deviate from the uniform support guidelines; (2) did the court incorrectly determine the value of the defendant's pension; and (3) did the court improperly grant the defendant's motion for attorney's fees to defend the appeal. This court affirmed the judgment on January 24, 1995. *Grosch* v. *Grosch*, 36 Conn. App. 946, 652 A.2d 1067 (1995).

The plaintiff petitioned for certification to appeal from the Appellate Court decision. The Supreme Court granted the petition and remanded the case for reconsideration in light of *Krafick* v. *Krafick*, 234 Conn. 783, 663 A.2d 365 (1995). *Grosch* v. *Grosch*, 235 Conn. 901, 665 A.2d 904 (1995). The Supreme Court's decision in *Krafick* pertains solely to pension benefits, the second issue in the plaintiff's appeal.

The following facts are pertinent to the issue of pension benefits. In *Grosch*, the trial court found the value of the pension included only the defendant's contributions to the plan, $20,000. The trial court adopted the reasoning of a decision of the Colorado Court of Appeals; *In re Marriage of Camarata*, 43 Colo. App. 317, 318, 602 P.2d 907 (1979); which stated that benefits in excess of contributions are "contingent upon the husband's survival and terminated at his death . . . and had no cash surrender value, loan value, redemption value, lump sum value, or value realizable after

death." The Colorado decision on which the trial court relied held that a party's "expectancy of future payments [is not] marital property." Id. In *Grosch*, the trial court also refused to assign a value to future payments pursuant to the pension plan.

In *Krafick*, the Supreme Court decided that future payments of a pension constitute marital property, set forth proper methods for determining and equitably dividing the value of the future payments, and held that a trial court must consider the value of future payments. *Krafick* v. *Krafick*, supra, 234 Conn. 806. The court held that it is an abuse of a trial court's discretion "to reject present value or any value for vested pension benefits merely because the asset is nonliquid, thereby effectively removing this property interest from the scales in determining an equitable division of all of the property before the court." Id.

The trial court's decision and reasoning in *Grosch* directly contravenes our Supreme Court's decision in *Krafick*. In dissolution matters, the disruption of one element of the financial orders necessarily "place[s] in doubt the propriety of other financial orders that the trial court may have deemed equitable in relation to the entire distribution scheme." *Wolf* v. *Wolf*, 39 Conn. App. 162, 174, 664 A.2d 315 (1995).

The judgment is reversed as to all financial matters and the case is remanded for further proceedings consistent with this opinion.