IN RE HEATHER L. ET AL.*
(SC 17386)

Sullivan, C. J., and Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued April 18—officially released June 21, 2005

* In accordance with the spirit and intent of General Statutes § 46b-124 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

*Cheryl A. Juniewic*, for the appellant (respondent father).

*Robert J. Deichert*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. This appeal involves two petitions for termination of parental rights filed by the department of children and families (department) against the respondents, K and J. In the first petition, the department sought to terminate the respondents' parental rights with respect to their daughter, H; in the second petition, the department sought to terminate their parental rights with respect to their daughter, L. In a separate, earlier proceeding, the department had filed a petition for termination of the parental rights of the father of A, who is H and L's half sister (A proceeding). All three petitions were tried to the court, *Trombley, J.* After commencement of the trial in the present case, the respondent, J,[1] filed a combined motion for mistrial and for sanctions in which he alleged that the department improperly had introduced materials in the A proceeding that contained information about him that was prejudicial and would deny him a fair trial. Judge Trombley denied the motion. Ultimately, Judge Trombley

_____
[1] During trial, the respondent, K, consented to the termination of her parental rights. She is not a party to this appeal. All further references in this opinion to the respondent are to J.

rendered judgment terminating the respondent's parental rights with respect to both H and L. The respondent now appeals,[2] claiming that Judge Trombley should have treated his motion for mistrial and for sanctions as a motion for disqualification and should have disqualified himself on the ground that he had presided over the A proceeding and, therefore, had prior knowledge of the history, facts and circumstances of the case. We affirm the judgment of the trial court.

The record reveals the following relevant facts. The trial on the two petitions for termination of the respondents' parental rights took place over three days, October 6 and November 25, 2003, and March 8, 2004. On October 30, 2003, the respondent filed his combined motion for mistrial and for sanctions. At the hearing on the motion, the respondent claimed that, in the A proceeding, the department had "put prejudicial information before this court—unredacted, naked, raw information about [the respondent] that had no business being in that . . . trial . . . ." Judge Trombley asked the respondent, "[W]hat's your solution to all this?" The respondent replied that he wanted the court to order the department to provide a list of all exhibits produced in the A proceeding. The court granted the request and assured the respondent that "there is nothing that I saw in the exhibits or anything I read in writing that decision [in the A proceeding] that would [in] any way prejudice [the respondent]." When the respondent reminded the court that he had requested that the A proceeding be tried separately from this case because he was concerned that he would be prejudiced by the evidence produced at the A proceeding, the court responded: "I'm telling you there was no prejudice, sir. This is the judge who has to decide this case telling you that

[2] The respondent appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

whatever I read in the [A proceeding], I will not apply to this case." Later, the court ordered the department to provide the respondent with access to all records in its possession pertaining to the A proceeding and reiterated that it would "clearly hold the state to its burden to demonstrate to me the statutory parameters by clear and convincing evidence and the best interest issue by clear and convincing evidence and nothing I read in [the A proceeding] is going to point me in any particular direction." The court then denied the motion for mistrial and for sanctions. After the conclusion of evidence, the trial court rendered judgment terminating the respondent's parental rights with respect to both children.

On appeal, the respondent claims that the trial court should have construed his motion for mistrial and for sanctions as a motion for disqualification and should have granted the motion for disqualification. He further claims that the trial court was biased against him because it had prior knowledge of the claims, issues and evidence in this case, violated canon 3 of the Code of Judicial Conduct,[3] and was predisposed against the respondent as a result of presiding over both the A proceeding and the trial in the present case. Upon review of the briefs and record we conclude that the trial court properly denied the motion for mistrial and for sanctions. First, the respondent has provided no authority for the proposition that a judge's familiarity with a party's personal history by virtue of the judge's participation in a prior proceeding, standing alone and without any showing of bias, requires disqualification.

---

[3] Canon 3 of the Code of Judicial Conduct provides in relevant part: "(c) . . . (1) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

"(A) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."

Cf. *Liteky* v. *United States*, 510 U.S. 540, 551, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) (opinion held by judge as result of what judge learned in earlier proceeding need not necessarily be characterized as bias or prejudice); *Simms* v. *Warden*, 230 Conn. 608, 617–18, 646 A.2d 126 (1994). We see nothing in the portion of the record cited by the respondent to suggest that Judge Trombley was biased against him.[4] Second, although the respondent never specifically identifies the portions of the evidence introduced in the A proceeding that were prejudicial to him, it appears that he was concerned about reports by Richard Sadler, a psychiatrist, and Bruce Freedman, a psychologist, that contained information about him. See footnote 4 of this opinion. Those reports, however, were also introduced as exhibits at trial in the present case without objection by the respondent. Accordingly, we cannot perceive how Judge Trombley's knowledge of those reports by virtue of his participation in the A proceeding could have biased him against the respondent.

Our examination of the record and briefs and our consideration of the arguments of the parties persuades us that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's concise and well reasoned memorandum of

[4] The respondent points out that on October 6, 2003, Judge Trombley indicated that he was aware of the facts and circumstances of the A proceeding and that he had read a report by Richard Sadler, a psychiatrist, that had been introduced in that proceeding and contained information about the respondent. The respondent claims that Judge Trombley contradicted this statement on November 25, 2003, when he stated that he saw nothing in the evidence in the A proceeding that would prejudice the respondent. The respondent also points out that Judge Trombley indicated that because Bruce Freedman, a psychologist and expert witness for the state, had been qualified to testify in the A proceeding, he was qualified as an expert to testify in the present case. Finally, the respondent points out that Judge Trombley stated to K that he was aware of the difficulties that she had had with A's father. We see nothing in any of these statements to support the respondent's claim that Judge Trombley was biased against him.

decision. See *In re Heather L.*, 49 Conn. Sup. 287, 877 A.2d 27 (2004). Accordingly, we adopt it as a proper statement of the issues and the applicable law concerning those issues. See *Davis* v. *Freedom of Information Commission*, 259 Conn. 45, 55, 787 A.2d 530 (2002).

The judgment is affirmed.

