## DAVID DELEO *v.* EDWARD NUSBAUM ET AL.
### (SC 17282)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 12—officially released November 1, 2005

*Edward N. Lerner*, with whom were *George Kent Guarino* and, on the brief, *John R. Williams*, for the appellant (plaintiff).

*Paul E. Pollock*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, David DeLeo, appeals[1] from the judgment of the trial court, which directed a

---

[1] The plaintiff appealed from the trial court's judgment to the Appellate Court and, upon a motion by the plaintiff, we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

verdict in favor of the defendants, Edward Nusbaum, an attorney, and the law firm of Nusbaum and Parrino, P.C. The plaintiff claims on appeal that the trial court improperly: (1) directed a verdict in favor of the defendants; (2) determined that the plaintiff's testimony constituted conclusive evidence of his knowledge of the defendants' negligence; (3) considered the plaintiff's failure to present certain evidence after disallowing his request for a new evidentiary hearing; and (4) interpreted this court's remand order as not requiring the trial court to hold an evidentiary hearing. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On June 27, 1996, the plaintiff commenced this malpractice action against the defendants.[2] After the plaintiff had presented his evidence at trial, the defendants moved for a directed verdict. The trial court, *Tierney, J.,* granted the defendants' motion and rendered judgment in favor of the defendants, reasoning that the applicable statute of limitations had run and that the defendants' continuing course of conduct and continuing representation of the plaintiff had not tolled the statute.

The plaintiff appealed from the trial court's judgment, and, in *DeLeo* v. *Nusbaum,* 263 Conn. 588, 597, 821 A.2d 744 (2003), this court adopted a continuing representation rule under which the statute of limitations is tolled "when the plaintiff can show: (1) that the defendant continued to represent him with regard to the same underlying matter; *and* (2) either that the plaintiff did not know of the alleged malpractice *or* that the attorney could still mitigate the harm allegedly caused by that malpractice during the continued representation period." (Emphasis in original.)

---

[2] The plaintiff claims, inter alia, that the defendants negligently represented him in a dissolution of marriage action.

This court concluded that the plaintiff had met the first prong of the test. Id., 599–600. We also concluded that he had failed to establish the second alternative part of the second prong, that mitigation was possible, because he "admitted that the defendants could not have mitigated the damage allegedly caused by their negligence . . . ." Id., 600. We remanded the case to the trial court, therefore, to consider whether the plaintiff had known about the defendants' alleged malpractice. Id., 600–601.

On remand, the trial court held a hearing but did not allow the plaintiff to present additional evidence on the issue of when he had discovered the defendants' alleged negligence. After considering the parties' oral arguments and examining the record, the trial court concluded that "the jury could reasonably find only that the plaintiff had knowledge of Nusbaum's legal malpractice on or before June 22, 1993,[3] and that the plaintiff failed to commence the lawsuit within three years thereafter." *DeLeo* v. *Nusbaum*, 49 Conn. Sup. 366, 387, 888 A.2d 189 (2005). The trial court directed a verdict in favor of the defendants, and this appeal followed.

Our examination of the record and our consideration of the parties' arguments persuade us that the judgment of the trial court should be affirmed. See *In re Heather L.*, 274 Conn. 174, 178, 874 A.2d 796 (2005). The issues were resolved properly in the trial court's concise and well reasoned memorandum of decision. See *DeLeo* v. *Nusbaum*, supra, 49 Conn. Sup. 366. Accordingly, we adopt it as a proper statement of the issues and the applicable law concerning those issues. See *In re Heather L.*, supra, 179.

The judgment is affirmed.

---

[3] On that date, the plaintiff sent a letter to his wife, in which he wrote, "[i]ncident[al]ly, you[r] lawyers have not only committed malpractice in handling this case but are guilty of billing fraud," and "my lawyer has not done much better."