## CLAUDETTE TRACEY *v.* ROBERT TRACEY
### (AC 27078)

Flynn, C. J., and Rogers and Hennessy, Js.

Argued May 22—officially released August 29, 2006

*Vincent Federico, Jr.,* for the appellant (defendant).

*Noah Eisenhandler,* for the appellee (plaintiff).

*Opinion*

ROGERS, J. General Statutes § 46b-62[1] vests in the trial court the discretion to award attorney's fees to defend an appeal following a judgment of dissolution. The question before us is whether a judge who decides a dissolution proceeding necessarily is required, under canon 3 (c) of the Code of Judicial Conduct, to disqualify himself or herself from ruling on a postjudgment motion for fees to defend an appeal.

The underlying facts are not in dispute. In the fall of 1994, the plaintiff, Claudette Tracey, sought a dissolution of her thirteen year marriage to the defendant, Robert Tracey. Following a trial, the court, *Munro, J.,* dissolved the marriage, entered various financial orders and awarded joint legal custody of the parties' two children. Judgment was rendered on July 18, 2005. From that judgment, the defendant appealed to this court on August 3, 2005. In response, the plaintiff filed with the trial court a motion that requested attorney's fees "in order for [the] plaintiff's counsel to defend the filing of an appeal by the defendant [of the underlying matter]." The motion was predicated on the plaintiff's inability to pay for representation to defend the appeal.

---

[1] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ." That statute applies to motions for fees to defend an appeal. See, e.g., *Barnes* v. *Barnes,* 190 Conn. 491, 495, 460 A.2d 1302 (1983); *Larson* v. *Larson,* 89 Conn. App. 57, 70, 872 A.2d 912, cert. denied, 274 Conn. 915, 879 A.2d 892 (2005); *Messina* v. *Messina,* 22 Conn. App. 136, 140–41, 576 A.2d 579 (1990).

General Statutes § 46b-82 (a) provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ."

The court held a hearing on the motion on September 1, 2005, at the outset of which the defendant orally moved that the judge disqualify herself.[2] In response, the court inquired as to what decisional law supported the motion; counsel for the defendant conceded that he knew of none. The court then denied the motion and proceeded with the evidentiary hearing. The court heard testimony from both the defendant and the plaintiff and reviewed their respective financial affidavits. At the conclusion of the hearing, the court ordered an allowance of $4500 to be paid by the defendant within thirty days. This appeal followed.

As a preliminary matter, we note that the defendant has not alleged any specific act of bias on the part of the trial judge.[3] Cf. *State* v. *Webb*, 238 Conn. 389, 462, 680 A.2d 147 (1996) (defendant claimed judge's comments at sentencing, including comment regarding defendant's " 'cruelty,' " demonstrated actual bias), aff'd after remand, 252 Conn. 128, 750 A.2d 448, cert.

---

[2] We note that the defendant failed to comply with Practice Book § 1-23, which governs motions for judicial disqualification. Section 1-23 requires such motions to "be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time." Despite that procedural infirmity, we nevertheless address the merits of the defendant's claim due to the fact that the court acted on the defendant's oral motion without objection by the plaintiff and the gravity of the matter before us. As our Supreme Court noted more than one-half century ago, "[n]o more elementary statement concerning the judiciary can be made than that the conduct of the trial judge must be characterized by the highest degree of impartiality." *Felix* v. *Hall-Brooke Sanitarium*, 140 Conn. 496, 501, 101 A.2d 500 (1953). Put more simply, "justice must satisfy the appearance of justice." *Offutt* v. *United States*, 348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11 (1954).

[3] Although the defendant states in his brief that "[n]early all of the cases on this subject have some evidence of a judge making some kind of comment on the record that made the aggrieved party . . . believe the judge might be prejudiced," he does not identify any such comment by the trial judge in the present case.

denied, 531 U.S. 835, 121 S. Ct. 93, 148 L. Ed. 2d 53 (2000). Moreover, he does not claim that the court abused its discretion in awarding attorney's fees pursuant to § 46b-62. His sole contention is that canon 3 (c) of the Code of Judicial Conduct requires a trial judge who has decided a dissolution action to disqualify himself or herself from ruling on a subsequent motion for fees to defend an appeal from that judgment in order to avoid the appearance of partiality.

Canon 3 (c) of the Code of Judicial Conduct governs judicial disqualification. That canon provides in relevant part that "(1) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (A) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." Canon 3 (c) thus encompasses two distinct grounds for disqualification: actual bias and the appearance of partiality. "The appearance and the existence of impartiality are both essential elements of a fair trial." (Internal quotation marks omitted.) *Consiglio* v. *Consiglio*, 48 Conn. App. 654, 659, 711 A.2d 765 (1998). As such, "[t]o prevail on its claim of a violation of this canon, [a party] need not show actual bias. The [party] has met its burden if it can prove that the conduct in question gave rise to a reasonable appearance of impropriety."[4] *Abington Ltd. Partnership* v. *Heublein*, 246 Conn. 815, 819–20, 717 A.2d 1232 (1998), aff'd after remand, 257 Conn. 570, 778 A.2d 885 (2001). As the defendant has not alleged actual bias, the proper inquiry is whether the involvement of a trial judge in a

---

[4] One commentator has described the appearance of impropriety as "an inclusive catch-all provision" for analysis of alleged disqualifying judicial conduct. L. Abramson, "Appearance of Impropriety: Deciding When A Judge's Impartiality Might Reasonably Be Questioned," 14 Geo. J. Legal Ethics 55, 59 (2000).

motion for fees to defend an appeal from a judgment rendered by that same judge gives rise to a reasonable appearance of impropriety.

That inquiry is governed by the abuse of discretion standard of review. Id., 824. In applying that standard, we ask "whether an objective observer reasonably would doubt the judge's impartiality given the circumstances. . . . If an objective observer, in view of all of the facts would reasonably doubt the court's impartiality, the court's discretion would be abused if a motion to recuse were not granted. In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *Joyner* v. *Commissioner of Correction*, 55 Conn. App. 602, 609, 740 A.2d 424 (1999).

At its essence, the defendant's claim asks us to articulate a per se rule governing disqualification of judges that presumes judicial bias against a party each time a judgment is appealed. For several reasons, we decline that invitation.

First, the defendant's claim that there should be a per se rule conflicts with the precedent of our Supreme Court that "each case of alleged judicial impropriety *must* be evaluated on its own facts . . . ." (Emphasis added.) *Abington Ltd. Partnership* v. *Heublein*, supra, 246 Conn. 826; see also *Joyner* v. *Commissioner of Correction*, supra, 55 Conn. App. 609. Second, such a rule would directly conflict with a common practice of Connecticut courts.[5] Our appellate reports are replete

---

[5] "Other things being equal, the more common a potentially biasing circumstance is . . . the less that circumstance is likely to appear to a knowledgeable observer to be a sign of partiality." R. Flamm, Judicial Disqualification: Recusal and Disqualification of Judges (1996) § 5.8.2, p. 172.

with cases in which the same trial judge rendered judgment dissolving a marriage and then decided a subsequent motion for fees to defend an appeal. See, e.g., *Eslami* v. *Eslami*, 218 Conn. 801, 591 A.2d 411 (1991); *Blake* v. *Blake*, 211 Conn. 485, 560 A.2d 396 (1989); *Anderson* v. *Anderson*, 191 Conn. 46, 463 A.2d 578 (1983); *Barnes* v. *Barnes*, 190 Conn. 491, 460 A.2d 1302 (1983); *Brown* v. *Brown*, 190 Conn. 345, 460 A.2d 1287 (1983); *El Idrissi* v. *El Idrissi*, 173 Conn. 295, 377 A.2d 330 (1977); *Nowell* v. *Nowell*, 157 Conn. 470, 254 A.2d 889, cert. denied, 396 U.S. 844, 90 S. Ct. 68, 24 L. Ed. 2d 94 (1969); *Bielan* v. *Bielan*, 135 Conn. 163, 62 A.2d 664 (1948); *Grosch* v. *Grosch*, 39 Conn. App. 614, 665 A.2d 918 (1995); *Gibson* v. *Gibson*, 34 Conn. App. 139, 640 A.2d 145 (1994); *Gallagher* v. *Gallagher*, 29 Conn. App. 482, 616 A.2d 281 (1992); *Mailly* v. *Mailly*, 13 Conn. App. 185, 535 A.2d 385 (1988); *Bratz* v. *Bratz*, 4 Conn. App. 504, 495 A.2d 292 (1985); *Fisher* v. *Fisher*, 4 Conn. App. 97, 492 A.2d 525 (1985); *Holmes* v. *Holmes*, 2 Conn. App. 380, 478 A.2d 1046 (1984). The defendant's position, if adopted, also has the potential to open a Pandora's box within the judicial system. The defendant's claim posits that once a trial judge decides a matter before him or her, the judge necessarily is biased against any subsequent action challenging the validity or propriety of that judgment. That claim is not limited in its application to motions for fees to defend an appeal. Rather, it would apply with equal force to numerous postjudgment motions that trial judges regularly consider, such as motions for a new trial or for reconsideration.

Our consideration is further informed by three precepts discussed in Connecticut decisions addressing the appearance of impropriety. The first concerns the so-called extrajudicial source rule, which holds that the bias or prejudice sufficient to result in a disqualification "must stem from an extrajudicial source and result in

an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States* v. *Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *Barca* v. *Barca*, 15 Conn. App. 604, 613, 546 A.2d 887, cert. denied, 209 Conn. 824, 552 A.2d 430 (1988). There was no evidence presented in this case that Judge Munro's decision was based on anything other than what she learned from her participation in the case.

A second precept pertains to a judge's involvement in multiple proceedings with the same party. In *State* v. *Webb*, supra, 238 Conn. 461, our Supreme Court rejected "the defendant's argument that the mere fact that the same trial judge presided over both trials raises a reasonable question about the judge's impartiality. Courts have routinely held that the prior appearance of a party before a trial judge does not reflect upon the judge's impartiality in a subsequent action involving that party." See also *In re Heather L.*, 274 Conn. 174, 177, 874 A.2d 796 (2005) ("respondent has provided no authority for the proposition that a judge's familiarity with a party's personal history by virtue of the judge's participation in a prior proceeding, standing alone and without any showing of bias, requires disqualification").

Finally, speculation is insufficient to establish an appearance of impropriety. As this court has explained, "[a] factual basis is necessary to determine whether a reasonable person, knowing all of the circumstances, might reasonably question the trial judge's impartiality. . . . It is a fundamental principle that to demonstrate bias sufficient to support a claim of judicial disqualification, the due administration of justice requires that such a demonstration be based on more than opinion or conclusion. . . . Vague and unverified assertions of opinion, speculation and conjecture cannot support a motion to recuse . . . . In addition, it is clear that adverse rulings by the judge do not amount to evidence

of bias sufficient to support a claim of judicial disqualification."[6] (Citations omitted; internal quotation marks omitted.) *State* v. *Bunker*, 89 Conn. App. 605, 613, 874 A.2d 301, cert. granted on other grounds, 275 Conn. 903, 882 A.2d 677 (2005); see also *State* v. *Shabazz*, 246 Conn. 746, 769–70, 719 A.2d 440 (1998) (mere speculation insufficient), cert. denied, 525 U.S. 1179, 119 S. Ct. 1116, 143 L. Ed. 2d 111 (1999). Rather, it is the moving party's burden to prove that the conduct in question gives rise to a reasonable appearance of impropriety. *Abington Ltd. Partnership* v. *Heublein*, supra, 246 Conn. 820. Therefore, our evaluation of the defendant's claim must center on whether the defendant proved that an objective observer reasonably would conclude that the act of filing an appeal from the judgment of a particular trial court, standing alone, automatically biases that judge against a party. Speculation has no place in that evaluation.

Without submitting any evidence in support of his claim, the defendant asks us to ratify his presumption that trial judges enter certain postjudgment proceedings with an inherent bias against a particular party. That we will not do. "[T]he law will not suppose a possibility of bias or favour in a judge, who is already sworn to

---

[6] At oral argument, counsel for the defendant opined that the "common man on the street" would deem the trial judge in the present case partial. Alleged disqualifying judicial conduct, however, should not be viewed through the perspective of the uninformed common person. "Courts should determine questions as to the appearance of impropriety or bias not by considering what a straw poll of the partly informed man-in-the-street would show or on the basis of possibilities and unsubstantiated allegations. Courts instead should examine the record, facts, and the law and then decide whether a reasonable person, if fully informed of the facts and circumstances underlying the grounds on which disqualification was sought, would conclude that the court's impartiality might reasonably be questioned, would harbor significant doubts about the judge's impartiality, or would disqualify the judge even though no actual bias has been shown." (Internal quotation marks omitted.) R. Flamm, Judicial Disqualification: Recusal and Disqualification of Judges (1996) § 5.8.2, p. 171.

administer impartial justice, and whose authority greatly depends upon that presumption and idea." *Aetna Life Ins. Co.* v. *Lavoie*, 475 U.S. 813, 820, 106 S. Ct. 1580, 89 L. Ed. 2d 823 (1986), quoting 3 W. Blackstone, Commentaries 361. To our eyes, the defendant's contention is mere speculation and conjecture divorced from any factual predicate of partiality.

Finally, we are mindful that review of the court's denial of the defendant's motion to disqualify is subject to the abuse of discretion standard. *Abington Ltd. Partnership* v. *Heublein*, supra, 246 Conn. 824. That standard requires us to indulge every reasonable presumption in favor of the correctness of the court's determination. Applying that standard to the present case, we reject the defendant's contention that an objective observer reasonably would conclude that the mere act of filing an appeal from the judgment of a particular trial court automatically biases that judge against a party in a postjudgment proceeding. The court therefore did not abuse its discretion in denying the motion to disqualify.

The judgment is affirmed.

In this opinion the other judges concurred.