******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LISA R. JOHNSON *v.* PETER A. JOHNSON
(AC 42984)

Alvord, Cradle and Suarez, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff had been dissolved, appealed to this court following the decisions of the trial court granting the plaintiff's motions for contempt and issuing certain other orders. After the trial court granted the plaintiff's motions for postsecondary educational support for the parties' son and for modification of the defendant's child support and alimony obligations, the court denied the defendant's motions for reargument, and he appealed to this court, which dismissed as untimely that portion of the appeal that pertained to the educational support and alimony and child support orders. The defendant then filed an amended appeal challenging the trial court's order that he reimburse the plaintiff for interest on funds she had to borrow as a result of his wilful noncompliance with the educational support order. The trial court then issued a correction to that order, and granted the plaintiff's motions for contempt as a result of the defendant's failure to comply with the educational support order or the child support and alimony orders. The defendant then filed a second amended appeal after which this court issued an order limiting the issues he could raise in this appeal as a result of his having listed the trial court's initial support orders on his amended appeal forms despite the previous dismissal of his appeal as to those orders. On appeal, the defendant claimed, inter alia, that the trial court misinterpreted the parties' separation agreement, which had been incorporated into the dissolution judgment, and, thus, erred in entering the associated support orders. *Held*:

1. The defendant could not prevail on his claim that the trial court committed plain error by imposing its own findings and interpretation of the separation agreement and acting in a manner that gave rise to the appearance of a lack of impartiality: the defendant's assertion as to the separation agreement and the associated support orders was based on a flawed interpretation of the law and was not properly before this court, the defendant having ignored this court's order limiting his appellate brief to the trial court's orders that were issued subsequent to the dismissal of that portion of his appeal that challenged the initial orders modifying his child support and alimony obligations and requiring him to pay educational support; moreover, the defendant did not raise a claim in his motion to reargue as to the trial court's interpretation of the separation agreement, and he failed to argue how that interpretation resulted in a manifest injustice or affected the fairness and integrity of and public confidence in the proceedings; furthermore, the defendant's claim of judicial bias arose solely from the adverse rulings against him, which may not form the basis for such a claim.

2. This court declined to review the defendant's inadequately briefed claims that the trial court abused its discretion when it issued contradictory findings without changing its modified orders and issued orders that were beyond a statutory time frame that he did not identify in his brief; furthermore, the defendant's claim that the court abused its discretion in finding him in contempt was unavailing, as he did not identify which contempt finding he was challenging and failed to provide legal or factual analysis in support of his claims, and, even if it were assumed that the defendant was challenging the contempt finding relative to the educational support order, his claim was belied by the record, which reflected that he was ordered to pay those expenses on the same day that the court modified his child support and alimony obligations, and the court's finding of wilful noncompliance with those unambiguous orders was amply supported by the record of the numerous hearings he was afforded on that issue.

Argued January 5—officially released March 23, 2021

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Hon. Stanley Novack*, judge trial referee; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Sommer, J.*, granted the plaintiff's motions for postsecondary educational support and modification of child support and alimony; subsequently, the court, *Sommer, J.*, denied the defendant's motion for reargument; thereafter, the court, *Sommer, J.*, issued a supplement to its denial of the motion to reargue, and the defendant appealed to this court, which dismissed the appeal in part; subsequently, the court, *Sommer, J.*, issued certain orders as to its educational support and child support and alimony orders, and the defendant filed an amended appeal; thereafter, the court, *Sommer, J.*, issued an order of correction, and the defendant filed an amended appeal; subsequently, the court, *Sommer, J.*, granted the plaintiff's motions for contempt, and the defendant filed an amended appeal. *Affirmed.*

*Maryam Afif*, with whom, on the brief, was *Seth J. Arnowitz*, for the appellant (defendant).

*Lisa R. Johnson*, self-represented, the appellee (plaintiff).

*Opinion*

CRADLE, J. In this matter stemming from the dissolution of his marriage to the plaintiff, Lisa R. Johnson, the defendant, Peter A. Johnson, appeals from the trial court's postjudgment modification of child support and alimony, and entry of an educational support order. The defendant also appeals from the court's judgment finding him in contempt for failing to comply with those orders. On appeal, the defendant claims that the trial court (1) committed plain error "when it imposed its own findings and interpretation" of the parties' separation agreement, and "failed to act in a manner that projected impartiality," and (2) abused its discretion when it "issued numerous contradictory findings without changing its modified orders," entered orders "beyond the statutory time frame" and "found [him] in contempt without making [the] requisite findings." We affirm the judgment of the trial court.

The parties' eighteen year marriage was dissolved on March 15, 2016. At the time of dissolution, the court incorporated into its judgment a separation agreement signed by the parties and their respective counsel. The separation agreement provided that the defendant would pay child support and alimony to the plaintiff, in the amounts of $1451 per month and $2166.67 per month, respectively. The agreement further provided: "This amount does not take into account any of the [defendant's] income from the rental of real properties owned partially or wholly by him. In the interest of resolving the parties' dispute, the [plaintiff] is not pursuing her right to further discovery about the [defendant's] rental income at this time. In the event that it is determined that the [defendant] derives a benefit from rental income, the same shall be deemed a substantial change in circumstance[s] and this child support order shall be modified retroactive to the date such benefit was derived, but no earlier than the date of dissolution of the parties' marriage." The identical language was applied to the provision of the agreement pertaining to the defendant's alimony obligation.

The separation agreement also provided that the court would retain jurisdiction to enter educational support orders for the parties' children pursuant to General Statutes § 46b-56c.

On January 16, 2018, the plaintiff filed a motion for educational support to pay for the college expenses of the parties' son. On February 8, 2018, she filed a motion to modify child support and alimony on the ground that she had discovered that the defendant was receiving a benefit from rental income.[1] The court, *Sommer, J.*, held evidentiary hearings on the motions over the course of three days.[2]

On December 21, 2018, the court issued a memorandum of decision granting the plaintiff's motions for post-

secondary educational support and for modification of child support and alimony. The court found that the defendant receives a benefit from his rental properties and had received that benefit commencing prior to the date of dissolution. Specifically, the court found that the defendant's income was $938 per week higher than the income that he had disclosed at the time of dissolution. The court therefore concluded that the plaintiff had established a substantial change in circumstances in accordance with the parties' separation agreement, and modified the child support and alimony orders accordingly, retroactive to the date of dissolution. The court further ordered the defendant to pay 80 percent of the college expenses for the parties' son up to the statutory cap of the cost of in-state tuition and fees for a full-time student at the University of Connecticut pursuant to § 46b-56c (f).

On January 2, 2019, the defendant filed a motion to reargue, which the court heard on February 25, 2019. The court denied the motion orally from the bench and reiterated, also orally from the bench, its denial of that motion on February 27, 2019. The defendant and his attorney were present in court on both dates.

The defendant filed an amended motion to reargue on April 15, 2019, asking the court to address two issues, which he captioned "date of change in circumstances" and "imputed income." (Emphasis omitted.) On May 17, 2019, the court summarily denied the defendant's motion. On May 24, 2019, the court issued a "supplement" to its order denying the motion to reargue, explaining the bases for its rejection of the arguments raised in the defendant's motion.

On May 24, 2019, the defendant filed an appeal from the orders issued on December 21, 2018, and May 17 and 24, 2019. On July 18, 2019, this court dismissed, as untimely, the portion of the defendant's appeal challenging the court's December 21, 2018 decision.

On July 12, 2019, the trial court found that the defendant had failed to pay the educational support order and that his noncompliance with the order was wilful. The court further found that, as a result of the defendant's violation of the court order, the plaintiff was required to borrow funds at an interest rate of 6 percent to pay for the education of the parties' son. The court ordered the defendant to reimburse the plaintiff for that interest. On July 23, 2019, in response to a motion for clarification filed by the plaintiff on the same day, the court issued an order clarifying the amounts of the child support and alimony arrearages due to the plaintiff, in addition to the amount of the defendant's portion of the educational support order. On July 24, 2019, the defendant filed an amended appeal to include a challenge to the court's July 12 and 23, 2019 orders. On August 1, 2019, the court issued a correction to its July 12, 2019 orders, in which it simply corrected various

dollar amounts and calculations. On August 9, 2019, the defendant amended his appeal to include this order.

On July 25 and August 2, 2019, the plaintiff filed motions for contempt, alleging that the defendant had failed to comply with the educational support order or the modified child support and alimony orders. On December 20, 2019, the court granted both of the plaintiff's motions for contempt. On January 3, 2020, the defendant amended his appeal to include the court's December 20, 2019 rulings.

Despite this court's dismissal of the defendant's appeal from the trial court's December 21, 2018 orders, the defendant continued to list those orders on his amended appeal forms. On February 5, 2020, this court issued an order limiting the issues to be raised in this appeal to the orders of the trial court issued on May 17, May 24, July 12, July 23, August 1 and December 20, 2019.

I

We begin with the defendant's claims of plain error. "[The plain error] doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . Implicit in this very demanding standard is the notion . . . that invocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review. . . .

"An appellate court addressing a claim of plain error first must determine if the error is indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . This determination clearly requires a review of the plain error claim presented in light of the record.

"Although a complete record and an obvious error are prerequisites for plain error review, they are not, of themselves, sufficient for its application. . . . [I]n addition to examining the patent nature of the error, the reviewing court must examine that error for the

grievousness of its consequences in order to determine whether reversal under the plain error doctrine is appropriate. A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . In *State* v. *Fagan*, [280 Conn. 69, 87, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007)], we described the two-pronged nature of the plain error doctrine: [An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice." (Emphasis in original; internal quotation marks omitted.) *Reville* v. *Reville*, 312 Conn. 428, 467–69, 93 A.3d 1076 (2014).

## A

The defendant first contends that the trial court committed plain error "when it imposed its own findings and interpretation" of the parties' separation agreement in that it "impermissibly rewrote the agreement and imposed nonexistent or impossible conditions on the defendant." This argument clearly stems from the court's December 21, 2018 orders modifying the defendant's child support and alimony obligations and ordering him to contribute to the postsecondary educational expenses of the parties' son. The defendant's appeal from those orders was dismissed as untimely. He contends, nevertheless, that, because those orders are referenced in subsequent orders from which he did timely appeal, his claims that the court committed plain error in misinterpreting the parties' separation agreement and entering the associated support orders are properly before this court. This argument is not persuasive for two reasons. First, the defendant ignores this court's order dismissing his appeal from the December 21, 2018 orders in addition to this court's order that his appellate brief should be limited to the court's subsequent orders. And, second, the argument is based on a flawed interpretation of the law.

It is well settled that "[w]hen a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *JPMorgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 272, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013). Thus, the defendant's claims are limited to the issues raised by the defendant in his motion to reargue and the issues addressed by the court in response to it.

In his April 15, 2019 motion to reargue, the defendant

argued that he had moved into the property at issue prior to the date of dissolution, and, therefore, the fact that he lived there "rent free" could not form the basis for a finding of a substantial change of circumstances. He also argued that the court improperly considered his assets as imputed income. The court rejected those arguments, and the defendant has not argued that the court committed plain error in doing so. Rather, the defendant argues that the court committed plain error in failing to recognize and properly interpret allegedly ambiguous language in the parties' separation agreement referring to his "benefit from rental income . . . ." That claim was not raised in the defendant's April 15, 2019 motion to reargue.

Moreover, aside from setting forth the legal principles that govern plain error review, the defendant has failed to argue how the trial court's interpretation of the separation agreement resulted in a manifest injustice or constituted an error so obvious that it affected the fairness and integrity of and public confidence in the judicial proceedings. Accordingly, the defendant's claim fails.

B

The defendant also contends that the trial court committed plain error by acting in a manner that gave rise to the appearance of a lack of impartiality.[3] We disagree.

"In assessing a claim of judicial bias, we are mindful that adverse rulings, alone, provide an insufficient basis for finding bias even when those rulings may be erroneous. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Schimenti* v. *Schimenti*, 181 Conn. App. 385, 395–96, 186 A.3d 739 (2018).

Here, the defendant claims that the "statements and actions of the court imposing nonexistent obligations on [him], castigating [him] for failing to meet them, not considering the plaintiff's income, ordering [him] to pay more than he could afford, [and] supporting the plaintiff in making false representations to another state, all" reflected the court's bias. He further argues that the court "made numerous unfounded accusations that [he]

was not forthcoming or truthful with the court . . . ." He contends that the court's granting of the plaintiff's motion for contempt without applying the correct standards also conveyed a lack of impartiality. It is clear that the defendant's claim of judicial bias arises solely from the adverse rulings entered against him, which may not form the basis for a claim of judicial bias. See, e.g., *Tracey* v. *Tracey*, 97 Conn. App. 278, 284–85, 903 A.2d 679 (2006) ("it is clear that adverse rulings by the judge do not amount to evidence of bias sufficient to support a claim of judicial disqualification"). Because the defendant has failed to demonstrate a deep-seated favoritism by the court, or an antagonism that would make a fair judgment impossible, his claim is unavailing.

## II

The defendant also claims that the court abused its discretion when it "issued numerous contradictory findings without changing its modified orders," issued orders "beyond the statutory time frame," and found him in contempt without making the necessary findings. We disagree.

"In general, [an] abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors . . . . Therefore, [i]n those cases in which an abuse of discretion is manifest or where injustice appears to have been done, reversal is required. . . . When reviewing claims under an abuse of discretion standard, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . . Furthermore, we have stated in other contexts in which an abuse of discretion standard has been employed that this court will rarely overturn the decision of the trial court." (Citation omitted; internal quotation marks omitted.) *Stilkey* v. *Zembko*, 200 Conn. App. 165, 172, 238 A.3d 78 (2020).

## A

The defendant first claims that the court abused its discretion when it "issued numerous contradictory findings without changing its modified orders," and "failed to correct support orders." The defendant appears to argue that the court abused its discretion in failing to correct an alleged inconsistency between its May 24, 2019 denial of his motion to reargue and the December 21, 2018 orders. In response to the defendant's motion to reargue, the court responded, inter alia: "[The] defendant's attempt to construe the court's finding regarding the defendant's assets as imputed income is wholly improper. The court did not impute income but instead relied on the defendant's sworn financial affidavits and such information as could be discerned from the limited self-serving materials submitted by the defendant to

determine the defendant's living expenses and financial assets and expenses." The defendant now argues: "Accepting this as true, the court abused its discretion by not correcting the December 21, 2018 order."[4] The preceding statement represents the entirety of any challenge to the May 24, 2019 order, to the extent that it may be construed as a challenge. The defendant has provided no specific references to the May 24, 2019 order or to the December 21, 2018 order from which any inconsistency may be ascertained, nor has he presented any factual or legal analysis in support of this claim. The defendant's claim is therefore inadequately briefed and we decline to review it. See *Starboard Fairfield Development, LLC* v. *Gremp*, 195 Conn. App. 21, 31, 223 A.3d 75 (2019) ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than [mere] abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." (Internal quotation marks omitted.)).

## B

The defendant also claims that the court abused its discretion "when it entered incorrect orders beyond the statutory time frame."[5] The defendant has failed to cite any such time frame in his brief to this court.[6] Consequently, this claim also is inadequately briefed, and we decline to review it.[7]

## C

Last, the defendant claims that the court "abused its discretion when it found [him] in contempt without making requisite findings." Although the defendant sets forth approximately two pages of legal principles pertaining to contempt, he fails to connect that legal authority to his argument or to specify which findings were lacking from the court's contempt judgment. His argument in this regard consists only of the following: "In this case, the court granted the plaintiff's motions for contempt of orders that are far from clear and have yet to be updated. Moreover, given the length of time in granting the motion and the effect of the plaintiff's collection orders in New York, the plaintiff has not met her evidentiary burden to show wilful noncompliance." Not only does the defendant fail to identify which contempt judgment he is addressing, he also fails to provide any legal or factual analysis in support of his claims. He also neglects to quantify the time lapse that he refers to or explain how that alleged delay, or efforts made by the plaintiff to collect from him in New York, had any bearing on the court's contempt judgment.

Moreover, if we were to assume that the subject of the present claim is the contempt finding related to the defendant's noncompliance with the educational

support order to pay 80 percent of the college expenses of the parties' son, the defendant's claim is also belied by the record, which clearly reflects that the defendant was ordered on December 21, 2018, to pay 80 percent of such expenses. On that same date, the court modified child support and alimony, retroactive to the date of dissolution. The court found that the defendant failed to comply with its unambiguous orders and that the defendant's noncompliance was wilful. Those are the only findings necessary to a contempt determination; see *Puff* v. *Puff*, 334 Conn. 341, 365, 222 A.3d 493 (2020); and the court's findings in this case are amply supported by the record of the numerous hearings afforded to the defendant on this issue.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant jointly owns with his sister three rental properties in Ossining, New York.

[2] Those hearings also addressed a motion for contempt filed by the plaintiff, which was denied, and a motion for modification of child support and alimony filed by the defendant, which also was denied. Those orders have no bearing on the issues presented in this appeal.

[3] Although the defendant conceded at oral argument before this court that his claim of judicial bias was "not preserved in any way" before the trial court; see *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990) ("[i]t is a well settled general rule that courts will not review a claim of judicial bias on appeal unless that claim was properly presented to the trial court via a motion for disqualification or a motion for [a] mistrial"); we review his claim for plain error. See, e.g., *DeMattio* v. *Plunkett*, 199 Conn. App. 693, 724, 238 A.3d 24 (2020) (unpreserved claim of judicial bias reviewable under plain error doctrine).

[4] The defendant also states: "Furthermore, the court fails to explain why an incorrect increase in salary constitutes a 'benefit from rental income.' " It is unclear how this statement is related to this claim. Rather, it appears to be a separate challenge to the court's December 21, 2018 orders, the appeal of which has been dismissed as untimely.

[5] Within this claim, the defendant also argues that the court abused its discretion "when it entered the July 12, 2019 order with no predicate motion and no factual or evidentiary support." This statement is belied by the record, which reveals that the July 12, 2019 order was in response to the plaintiff's January 8, 2019 motion for clarification, and the court held an evidentiary hearing on that motion on January 22, 2019, at which both the defendant and his attorney were present.

[6] We note that the defendant also failed to allege a violation of any statutory time limits before the trial court.

[7] We note that the defendant's claim in this regard consists of two sentences that are devoid of any legal authority or analysis.

Although there are two additional paragraphs contained under the heading of this claim, they are seemingly unrelated to the first two sentences and cannot be construed, even liberally, as constituting an intelligible argument.