# PETER MCKENNA *v.* ROBERTA DELENTE
## (AC 29880)

Harper, Alvord and Borden, Js.

Argued January 14—officially released August 10, 2010

*Katherine Copperfield*, pro se, the appellant (defendant).

*Norman A. Roberts II*, with whom, on the brief, was *Yakov Pyetranker*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The defendant, Roberta Delente,[1] appeals from the denial of her motion for disqualification and recusal of the trial judge who rendered judgment dissolving her marriage to the plaintiff, Peter McKenna. The defendant claims that the plaintiff's alleged advanced knowledge of that judgment, acquired before the trial court issued its memorandum of decision, demonstrated judicial impropriety warranting disqualification of the judge and the vacatur of all proceedings connected with the dissolution action. We conclude that the court properly denied the defendant's motion and, therefore, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. In April, 2004, the plaintiff brought an action seeking a dissolution of his marriage to the defendant. During the dissolution proceedings, the plaintiff was ordered to pay the defendant $7980 per month in alimony pendente

---

[1] Prior to the rendering of judgment dissolving her marriage in this action, Delente changed her name to Katherine Copperfield. For purposes of this appeal, we refer to her by her former name.

lite. Following a lengthy and protracted dissolution trial, the court, *Tierney, J.*, dissolved the parties' marriage by memorandum of decision filed on December 20, 2007. The court entered an order in connection with that judgment terminating all pendente lite alimony.

On February 4, 2008, some forty-six days after the court's dissolution judgment, the defendant filed a motion for disqualification and recusal of the trial judge pursuant to Practice Book § 1-23.[2] In her motion, the defendant claimed that certain extrajudicial communications between the plaintiff and the court, either Judge Tierney or a member of the court staff, required that he be disqualified and recused from all future proceedings and that all prior proceedings involving the parties and Judge Tierney be vacated. The thrust of that motion focused on a pendente lite alimony check issued from the plaintiff to the defendant, dated December 15, 2007, in the amount of $5406. That check included a notation in the memo section that read: "Temp. Alimony & Loan—Pro-rated w/o Prejudice." The defendant claimed that the check "pro-rated the alimony to terminate on the subsequent day of the [c]ourt's order, December 21, 2007." She argued, therefore, that the prorated alimony payment "clearly and irrefutably establishe[d] prior notice of the [c]ourt's decision by the plaintiff" because there was no way that he could have known, when he issued the prorated check on December 15, that the court would render judgment five days later terminating all pendente lite alimony. The prorated check, according to the defendant, amounted to "documented evidence of actual impropriety," which called into question the integrity of the judicial process underlying the parties' dissolution

---

[2] Practice Book § 1-23 provides in relevant part: "A motion to disqualify a judicial authority . . . shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time."

action. Her motion then highlighted certain factual findings and financial orders issued in the court's memorandum of decision that, according to the defendant, demonstrated the disparity in treatment of the parties by the court, the justification of which could only be explained by judicial prejudice and bias against her.

On April 14, 2008, the court conducted a hearing on the defendant's motion for disqualification, which was presided over by Judge Tierney. At the hearing, the defendant repeated her claim that the prorated check issued by the plaintiff five days prior to the court's dissolution judgment demonstrated that he had some prior knowledge of the substance of that forthcoming judgment. As in her motion, the defendant again contended that the dissolution judgment itself confirmed the judicial improprieties underlying the action because it was so unfavorable to her.[3]

In response, the plaintiff argued that the defendant had failed to meet the requirements of Practice Book

[3] Specifically, the defendant's counsel complained to Judge Tierney: "You failed to recognize [the defendant's] contributions to the [marital] house. Nothing was even considered important, wasn't even noted in your decision. All the money that she spent or all the money that she went into debt for, it wasn't important; but [the plaintiff's] was important. You gave him credit for everything. And he walks away from this divorce with all his assets and also this house that she spent money and effort to maintain, and she gets nothing. And that's part of the reason why we're here for this motion for disqualification because you're the trial judge."

The defendant's counsel went on to argue that the dissolution judgment demonstrated that "[n]othing was in [the defendant's] favor. . . . There's no neutrality, no neutrality. Hindsight in looking, you'll see there's no neutrality. . . . Now, I know with marital dissolution actions, the court has a lot of latitude, a lot of latitude, and that works against her. But the way this has been handled and the way you left her, what did she do wrong—what did she do so wrong to be demeaned and to be thrown out where there's nothing for her? She doesn't even have a job. She doesn't have an education. . . . Here she was struggling all this time to support this house with the heating costs going up. It doesn't seem like it's nothing—it doesn't seem like it's nothing if you have money, but if you don't have any money, it's a stress. So, there's things that were going on in this case, and the check was the cherry on top that something was going on."

§ 1-23 because she had not offered any evidence that demonstrated good cause for filing her motion late. Additionally, counsel for the plaintiff offered his explanation as to why the plaintiff may have issued the prorated check in the amount that he did, the details of which follow. The plaintiff, however, failed to offer any evidence, either testimonial or in an affidavit, that supported this explanation.

At the conclusion of the hearing, the court denied the defendant's motion for disqualification. The court reasoned that the defendant's allegations of impropriety amounted to nothing more than mere speculation and allusions to vague and unverified conduct.[4] The court added that although a court staff member was the father of the plaintiff's attorney in this case, Judge Tierney purposely stayed away from and did not communicate with that individual in connection with the dissolution judgment.[5] Finally, the court concluded that the factual assertions of the defendant contained in her motion and supporting affidavit, taken as true; see *Szypula* v. *Szypula*, 2 Conn. App. 650, 656, 482 A.2d 85 (1984); were insufficient to trigger an evidentiary hearing before an impartial judicial authority. This appeal followed.[6]

On January 14, 2010, this court heard oral argument on the defendant's appeal. Without reaching a decision, on January 21, 2010, because of the seriousness of the allegations and the lack of a factual record, this court remanded the case to the trial court for an evidentiary

---

[4] The court also concluded that the motion was untimely because the defendant had not demonstrated good cause for failing to file her motion within the time frame provided by Practice Book § 1-23. See footnote 2 of this opinion.

[5] The father of the plaintiff's attorney was the case flow coordinator for the court and was responsible for proofreading and processing Judge Tierney's decisions.

[6] This appeal was not consolidated with the defendant's appeal from the dissolution judgment that this court reviewed in *McKenna* v. *Delente*, 123 Conn. App. 146, 2 A.3d 38 (2010).

hearing before a judge other than Judge Tierney and directed the court to issue findings of fact regarding the circumstances surrounding the prorated pendente lite alimony check. The facts as found on remand by the court, *Munro, J.*, are as follows.

As set forth previously, in 2004 the plaintiff was ordered to pay pendente lite alimony to the defendant in the amount of $7980 per month. The prorated alimony check he issued to the defendant on December 15, 2007, was in the amount of $5406. The plaintiff calculated that amount by dividing $7980 by thirty-one (for thirty-one days in December) and multiplying the $257.42 per diem alimony amount by twenty-one, which comes to a total of $5405.82. The plaintiff issued the per diem payment for twenty-one days because he believed that a dissolution judgment would have been rendered by Judge Tierney on or before December 21, 2007. This belief was founded on Judge Tierney's statement at the conclusion of the dissolution trial on August 23, 2007, that he would complete his decision within 120 days. The plaintiff calculated that December 21, 2007, was the 120th day from August 23, 2007. Additionally, the plaintiff, a retired attorney, though optimistic that he would not be required to pay alimony after the dissolution judgment, also knew that even if permanent alimony was ordered, he could make any additional payments by issuing another check. In addition, the court specifically found that neither Judge Tierney, nor any members of the court staff, including the father of the attorney for the plaintiff, had any communication with the plaintiff or his counsel concerning the substance of the dissolution judgment prior to the release of the court's memorandum of decision. With these factual findings now before us, we turn to the merits of the defendant's appeal.[7]

---

[7] After the receipt of Judge Munro's findings of fact, this court gave both parties the opportunity to file a supplemental brief. Neither party did so.

On appeal, the defendant claims that Judge Tierney abused his discretion by failing to disqualify himself from the proceedings when an appearance of impropriety was demonstrated by an alleged extrajudicial communication between the court and the plaintiff. The defendant also claims that the court's conduct during the dissolution proceedings and the dissolution judgment itself established manifest prejudice and bias on the part of Judge Tierney. We disagree.

"Canon 3 (c) of the Code of Judicial Conduct governs judicial disqualification. That canon provides in relevant part that (1) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (A) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . . Canon 3 (c) thus encompasses two distinct grounds for disqualification: actual bias and the appearance of partiality. The appearance and the existence of impartiality are both essential elements of a fair trial. . . . As such, [t]o prevail on its claim of a violation of this canon, [a party] need not show actual bias. The [party] has met its burden if it can prove that the conduct in question gave rise to a reasonable appearance of impropriety." (Citation omitted; internal quotation marks omitted.) *Tracey* v. *Tracey*, 97 Conn. App. 278, 281, 903 A.2d 679 (2006).

The inquiry into whether a motion for disqualification properly was ruled upon is governed by the abuse of discretion standard of review. See id., 282. "In applying that standard, we ask whether an objective observer reasonably would doubt the judge's impartiality given the circumstances. . . . If an objective observer, in view of all of the facts would reasonably doubt the court's impartiality, the court's discretion would be abused if a motion to recuse were not granted. In

determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) Id.

"[S]peculation is insufficient to establish an appearance of impropriety. As this court has explained, [a] factual basis is necessary to determine whether a reasonable person, knowing all of the circumstances, might reasonably question the trial judge's impartiality. . . . Vague and unverified assertions of opinion, speculation and conjecture cannot support a motion to recuse . . . ." (Internal quotation marks omitted.) Id., 284.

The defendant has offered no evidence that tends to demonstrate judicial impropriety other than the plaintiff's prorated alimony check in the amount of $5406 issued on December 15, 2007, five days before the court issued its memorandum of decision dissolving the parties' marriage. The defendant claims that, on the basis of this check, the only reasonable conclusion that could be drawn by an objective observer is that there was an extrajudicial communication between the court and the plaintiff that informed him of the merits of the decision and of the date that it would be rendered. It is clear, however, that the unchallenged facts as found by Judge Munro thoroughly undermine the defendant's claim and render it completely meritless.[8]

Finally, we address the defendant's claim that the court's conduct during the proceedings coupled with its dissolution judgment confirmed that Judge Tierney was prejudiced and biased against her. We disagree.

"[A] charge of bias [or prejudice] must be deemed at or near the very top in seriousness, for bias kills the

---

[8] This conclusion renders it unnecessary for us to consider Judge Tierney's other ground for denying the defendant's motion, namely, untimeliness.

very soul of judging—fairness. . . . [A] charge of . . . bias [or prejudice] against a trial judge in the execution of his or her duties is a most grave accusation. It strikes at the very heart of the judiciary as a neutral and fair arbiter of disputes for our citizenry. Such an attack travels far beyond merely advocating that a trial judge ruled incorrectly as a matter of law or as to a finding of fact, as is the procedure in appellate practice. A judge's personal integrity and ability to serve are thrown into question, placing a strain on the court that cannot easily be erased. Attorneys should be free to challenge, in appropriate legal proceedings, a court's perceived partiality without the court misconstruing such a challenge as an assault on the integrity of the court. Such challenges should, however, be made only when substantiated by the trial record." (Citation omitted; internal quotation marks omitted.) *Peatie* v. *Wal-Mart Stores, Inc.*, 112 Conn. App. 8, 26–27 n.10, 961 A.2d 1016 (2009).

Our review of the defendant's arguments in support of judicial disqualification, other than the speculative and discredited claim she made in connection with the prorated check, reveals that her remaining claims of prejudice and bias amount to nothing more than a collateral attack on the financial orders issued in connection with the dissolution judgment. The grounds for disqualification that she asserted in her motion and briefed on appeal complain, inter alia, of the court's failure to compensate her for contributions she allegedly made to the marital residence, its award to the plaintiff of interest on moneys that she wrongfully withheld from him, and its refusal to ignore pleading deficiencies with respect to her attack on the parties' premarital agreement. These claims make up the bulk of the defendant's direct challenges to the dissolution judgment on appeal. See *McKenna* v. *Delente*, 123 Conn. App. 146, 149, 2 A.3d 38 (2010). Her attempt essentially to reliti-

gate these issues by way of a motion for disqualification and vacatur is improper. "It is an elementary rule of law that the 'fact that a trial court rules adversely to a litigant, even if some of these rulings were to be determined on appeal to have been erroneous, does not demonstrate personal bias.' *Bieluch* v. *Bieluch*, 199 Conn. 550, 553, 509 A.2d 8 (1986); see *State* v. *Fullwood*, 194 Conn. 573, 582, 484 A.2d 435 (1984); *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 8, 469 A.2d 778 (1984); *State* v. *Fuller*, 56 Conn. App. 592, 627 n.34, 744 A.2d 931, cert. denied, 252 Conn. 949, 748 A.2d 298 (2000)." *Wendt* v. *Wendt*, 59 Conn. App. 656, 694, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000). In sum, there is no merit to the defendant's claims of prejudice and bias.

The judgment is affirmed.

In this opinion the other judges concurred.