# IN RE CHRISTOPHER C.*
## (AC 32776)

Bishop, Beach and Pellegrino, Js.

Argued April 27—officially released May 24, 2011

---

\* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Christopher C.*, pro se, the appellant (respondent father).

*Jessica Torres*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Michael P. Maggiacomo*, for the minor child.

*Opinion*

PER CURIAM. The respondent father[1] appeals from the judgment of the trial court denying the motion for permanent guardianship of the minor child, filed by the intervening paternal grandmother, and the court's commitment of the minor child to the custody of the commissioner of the department of children and families (commissioner). On appeal, the respondent claims that the court improperly denied the grandmother's motion for guardianship and that he was denied the effective assistance of counsel in the proceedings below. We affirm the judgment of the trial court.

The following factual and procedural history is relevant to the issues on appeal. Prior to the commissioner's involvement, the minor child had been residing with his mother and his mother's boyfriend. As a result of

---

[1] Because the mother is not a party to this appeal, we refer to the father as the respondent.

unexplained but highly suspicious injuries to the minor child, the commissioner filed a neglect petition. At trial, the mother entered a plea of nolo contendere as to the allegations of neglect, and the respondent, as a noncustodial parent, remained silent. The court adjudicated the minor child as neglected on the basis of its finding that he was being permitted to live under conditions, circumstances or associations injurious to his well-being. Due to the respondent's criminal history, specifically, convictions for sexual offenses, the court determined that he was not an appropriate caretaker for the child. In the dispositional phase of the hearing, the respondent's mother sought guardianship of her grandchild and the respondent joined in his mother's request for guardianship. The court denied the grandmother's motion, finding that she did not believe "in the culpability of her son . . . in regard to his sexual offenses against minors . . . his incarceration, his registry on the sex offender registry and his probationary status." The court concluded: "This undercuts her ability to safely parent her grandson in that her loyalty to her son may jeopardize the well-being of her grandson." The court committed the child to the custody of the commissioner. This appeal followed.

The respondent claims that the court improperly determined that the grandmother was not a suitable caretaker for the minor child. Specifically, he contends that there was no "non-opinionated basis" for the court's denial of the grandmother's motion for guardianship. We are unpersuaded.

"When considering a challenge to the sufficiency of the evidence, the function of an appellate court is to review the findings of the trial court, not to retry the case. . . . [W]e must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly

erroneous. . . . We also must determine whether those facts correctly found are, as a matter of law, sufficient to support the judgment. . . . [W]e give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses . . . ." (Internal quotation marks omitted.) *In re Kamari C-L.*, 122 Conn. App. 815, 824, 2 A.3d 13 (2010).

Contrary to the respondent's assertions, the record amply supports the court's conclusions regarding guardianship of the minor child. The court based its determination of the grandmother's unsuitability on the fact that she did not believe in her son's culpability for his prior criminal convictions and the attendant risk to the child of being placed in her care. When questioned about the respondent's history of sexual offenses, the grandmother either expressed unawareness of his conduct or deflected the blame to the victims of her son's conduct. This testimony alone justifies the court's understandable concern for the well-being of the minor child in the grandmother's household. The respondent's claim is, therefore, without merit.

The respondent also claims that he was denied the effective assistance of counsel at the neglect proceeding. "In determining whether counsel has been ineffective in a termination [or neglect] proceeding, we have enunciated the following standard: The range of competence . . . requires not errorless counsel, and not counsel judged ineffective by hindsight, but counsel whose performance is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in [that particular area of the] law. . . . The respondent must prove that [counsel's performance] fell below this standard of competency and also that the lack of competency contributed to the termination of parental rights. . . . A showing of incompetency without a showing of resulting prejudice

. . . does not amount to ineffective assistance of counsel." (Citations omitted; internal quotation marks omitted.) *In re Matthew S.*, 60 Conn. App. 127, 131–32, 758 A.2d 459 (2000). In making such a claim, it is the responsibility of the respondent to create an adequate record pointing to the alleged ineffectiveness and any prejudice the respondent claims resulted from that ineffectiveness. See *In re Amanda A.*, 58 Conn. App. 451, 460–61, 755 A.2d 243 (2000).

The respondent argues that his attorney failed to cross-examine witnesses aggressively, that she did not contact fifty-five witnesses he had identified to her and that his attorney prevented him from testifying. The respondent also alleges that his attorney should have subpoenaed certain Probate Court records. On the basis of our review, we conclude that the respondent's claims of his counsel's inadequacy are not supported by the record. Additionally, in light of the ample evidence regarding the grandmother's unsuitability to care for the minor child as noted herein, we conclude that the respondent has failed to meet his burden of proving that any alleged inadequacy of trial counsel affected the outcome of the neglect proceedings.

The judgment is affirmed.