## IN RE CHRISTOPHER C., JR.*
## (AC 33640)

DiPentima, C. J., and Espinosa and Pellegrino, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

465

Argued January 30—officially released March 16, 2012**

*Christopher C.*, pro se, the appellant (respondent father).

*Colleen B. Valentine*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Michael P. Maggiacomo*, for the minor child.

### Opinion

PER CURIAM. The respondent father appeals from the judgment of the trial court terminating his parental rights as to his child, Christopher C., and committing the child to the custody of the petitioner, the commissioner of children and families.[1] On appeal, the respondent claims that the court erred (1) in finding that the

** March 16, 2012, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The trial court terminated the parental rights of both parents. The mother is not a party to this appeal. The mother's appeal to this court was released the same day. See *In re Christopher C., Jr.*, 134 Conn. App. 473, 39 A.3d 1127 (2012). Accordingly, we refer to the father as the respondent. The court-appointed attorney for the minor child supports the position of the petitioner in this appeal.

department of children and families (department) made reasonable efforts to reunify the respondent and the child, (2) in finding that the respondent had failed to achieve sufficient personal rehabilitation and (3) in refusing to recuse itself because the court, *Foley, J.*, had sentenced the respondent in an earlier, unrelated criminal case. We disagree and affirm the judgment of the trial court.

Certain facts and the procedural history are not in dispute. The child was born on February 29, 2008. The respondent was verbally and physically abusive toward the child's mother, and the parents separated in May, 2009. The respondent is a registered sex offender. Pursuant to the terms of his probation, the respondent is prohibited from having unsupervised contact with the child. The petitioner took custody of the child on August 22, 2009, after the child was treated at a hospital emergency room for multiple marks and bruises to his face that were consistent with physical abuse. On August 26, 2009, the petitioner filed a neglect petition and order of temporary custody on behalf of the child, which the court granted.[2] The court adjudicated the child neglected on May 7, 2010, and committed him to the custody of the petitioner on October 6, 2010.[3]

On November 19, 2010, the petitioner filed its petition to terminate the parental rights of the respondent. On January 31, 2011, the respondent filed a motion to disqualify the trial court judge, *Foley, J.*, from presiding over the trial on the termination petition. The court denied the motion. Following a three day trial, the court issued a memorandum of decision on June 9, 2011, and rendered judgment granting the petition. The court

[2] The neglect petition was later sustained by agreement of the parties. The mother entered a no contest plea, and the respondent, being noncustodial, stood silent as to the allegations.

[3] The respondent appealed from the judgment, which was affirmed by this court. *In re Christopher C.*, 129 Conn. App. 55, 20 A.3d 689 (2010).

found, by clear and convincing evidence, that (1) the department had made reasonable efforts to reunite the respondent and the child as required by General Statutes § 17a-112 (j) (1),[4] and (2) the respondent had failed to achieve sufficient personal rehabilitation as required by § 17a-112 (j) (3) (B) (ii).[5] This appeal followed. Additional facts will be set forth as necessary.

I

The respondent claims that the evidence does not support the court's finding that the department made reasonable efforts to reunify the respondent and the minor child, as required by § 17a-112 (j) (1). The petitioner counters, inter alia, that this claim need not be reviewed because the respondent has failed to challenge the court's finding that he was unable to benefit from reunification efforts. We agree with the petitioner.

Section 17a-112 (j) provides in relevant part: "The Superior Court, upon notice and hearing as provided

---

[4] General Statutes § 17a-112 (j) provides in relevant part: "The Superior Court, upon notice and hearing as provided in sections 45a-716 and 45a-717, may grant a petition filed pursuant to this section if it finds by clear and convincing evidence that (1) the Department of Children and Families has made reasonable efforts to locate the parent and to reunify the child with the parent in accordance with subsection (a) of section 17a-111b, unless the court finds in this proceeding that the parent is unable or unwilling to benefit from reunification efforts, except that such finding is not required if the court has determined at a hearing pursuant to section 17a-111b, or determines at trial on the petition, that such efforts are not required . . . ."

[5] General Statutes § 17a-112 (j) provides in relevant part: "The Superior Court, upon notice and hearing as provided in sections 45a-716 and 45a-717, may grant a petition filed pursuant to this section if it finds by clear and convincing evidence that . . . (3) . . . (B) the child . . . (ii) is found to be neglected or uncared for and has been in the custody of the commissioner for at least fifteen months and the parent of such child has been provided specific steps to take to facilitate the return of the child to the parent pursuant to section 46b-129 and has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . ."

in sections 45a-716 and 45a-717, may grant a petition filed pursuant to this section if it finds by clear and convincing evidence that (1) the [department] has made reasonable efforts to locate the parent and to reunify the child with the parent in accordance with subsection (a) of section 17a-111b, *unless the court finds in this proceeding that the parent is unable or unwilling to benefit from reunification efforts . . . .*" (Emphasis added.) In the present case, the court expressly found, by clear and convincing evidence, that (1) the department had made reasonable efforts to reunify the respondent with the child and (2) the respondent was unable to benefit from reunification efforts to a degree sufficient to permit reunification to occur.[6]

Our Supreme Court addressed this issue in *In re Jorden R.*, 293 Conn. 539, 979 A.2d 469 (2009). Interpreting the language of § 17a-112 (j) (1), the court stated: "Because the two clauses are separated by the word 'unless,' this statute plainly is written in the conjunctive. Accordingly, the department must prove *either* that it has made reasonable efforts to reunify *or, alternatively,* that the parent is unwilling or unable to benefit from reunification efforts. Section 17a-112 (j) clearly provides that the department is not required to prove both circumstances. Rather, either showing is sufficient to satisfy this statutory element." (Emphasis in original.) Id., 552–53. In the present case, the respondent has not challenged the court's finding that he was unable to benefit from reunification efforts. This unchallenged finding provides an independent basis for meeting the requirement of § 17a-112 (j) (1). See id., 556; see also *In re Alison M.*, 127 Conn. App. 197, 204–205, 15 A.3d 194 (2011).

___

[6] Specifically, the court stated: "The court further finds that [the department] has made reasonable efforts to reunify the families but that [the respondent] is unable to benefit from reunification efforts until he stabilizes his own life and resolves his long standing personality and psychiatric related problems."

Review of the respondent's challenge to the court's finding that the department failed to make reasonable reunification efforts would be improper because it can not afford him any practical relief and, therefore, is moot. See *In re Jorden R.*, supra, 293 Conn 557; see also *In re Alison M.*, supra, 127 Conn. App. 205–206. "*[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.*" (Emphasis in original; internal quotation marks omitted.) *In re Jorden R.*, supra, 556. We conclude that the respondent's claim regarding the trial court's finding that the department made reasonable reunification efforts is moot because the statutory requirements of § 17a-112 (j) were met by the independent finding of the respondent's inability to benefit from reunification efforts. Accordingly, we decline to review this claim.

## II

The respondent next claims that the evidence does not support the court's finding that the respondent failed to achieve such degree of personal rehabilitation as would encourage the belief that he could assume a responsible position in the life of the child within a reasonable period of time, as required by § 17a-112 (j) (3) (B). We disagree.

"Our standard of review on appeal from a termination of parental rights is limited to whether the challenged findings are clearly erroneous. . . . A finding is clearly erroneous when either there is no evidence in the record to support it, or the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . [G]reat weight is given to the judgment of the trial court because of [the trial court's] opportunity to observe the parties and the evidence. . . . [An appellate court does] not examine the record to determine

whether the trier of fact could have reached a conclusion other than the one reached. . . . [Rather] every reasonable presumption is made in favor of the trial court's ruling." (Internal quotation marks omitted.) *In re Sole S.*, 119 Conn. App. 187, 191, 986 A.2d 351 (2010).

"Section 17a-112 (c) (3) (B) [now (j) (3) (B)] requires the court to determine whether the degree of personal rehabilitation [achieved by the parent] . . . encourage[s] the belief that within a reasonable time . . . such parent could assume a responsible position in the life of the child . . . . Personal rehabilitation refers to the reasonable foreseeability of the restoration of a parent to his or her former constructive and useful role as a parent, not merely the ability to manage his or her own life. . . . In conducting this inquiry, the trial court must analyze the respondent's rehabilitative status as it relates to the needs of the particular child . . . . The trial court must also determine whether the prospects for rehabilitation can be realized within a reasonable time given the age and needs of the child. . . . [A] trial court's finding that a parent has failed to achieve sufficient rehabilitation will not be overturned unless it is clearly erroneous . . . ." (Citations omitted; internal quotation marks omitted.) *In re Tremaine C.*, 117 Conn. App. 590, 597, 980 A.2d 330, cert. denied, 294 Conn. 920, 984 A.2d 69 (2009).

The record supports the court's finding that the respondent failed to achieve sufficient personal rehabilitation.[7] The respondent has a history of substance

---

[7] The court considered: "[the respondent's] poor history as a parent to three children, his significant history as a sexual offender, his unstable interpersonal relationships, his history of abusing illicit drugs and alcohol, his explosive personality, his mood lability, and his failure to fully accept his personal responsibility for being unavailable as a parent . . . the prognosis for reoffending, [and] the time he would necessarily have to spend in a community to establish a record of sobriety, civil obedience and vigorous consistent mental health therapy to deal with his unresolved personality disorder . . . ."

abuse and unresolved mental health issues. He has an extensive criminal record that includes multiple sex offenses. The respondent remains a registered sex offender and is not permitted to have unsupervised contact with children. We conclude that the court's finding that the respondent failed to achieve such degree of personal rehabilitation as would encourage the belief that, within a reasonable time and considering the age and needs of the minor child, he could assume a responsible position in the child's life is not clearly erroneous.

### III

The respondent claims that the court, *Foley, J.,* erred in refusing to recuse himself. Specifically, the respondent claims that the court's ability to remain objective during the trial on the termination petition was compromised because the court had sentenced the respondent in a prior criminal case. We disagree.

Rule 2.11 (a) of the Code of Judicial Conduct governs judicial disqualification and provides in relevant part: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned including but not limited to the following circumstances: (1) The judge has a personal bias or prejudice concerning a party . . . ."

A trial court's ruling on a motion for disqualification is reviewed for abuse of discretion. "In applying that standard, we ask whether an objective observer reasonably would doubt the judge's impartiality given the circumstances. . . . If an objective observer, in view of all of the facts would reasonably doubt the court's impartiality, the court's discretion would be abused if a motion to recuse were not granted. In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is

required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *McKenna* v. *Delente*, 123 Conn. App. 137, 143–44, 1 A.3d 260 (2010). "Courts have routinely held that the prior appearance of a party before a trial judge does not reflect upon the judge's impartiality in a subsequent action involving that party." *State* v. *Webb*, 238 Conn. 389, 461, 680 A.2d 147 (1996), aff'd after remand, 252 Conn. 128, 750 A.2d 448, cert. denied, 531 U.S. 835, 121 S. Ct. 93, 148 L. Ed. 2d 53 (2000).

In November, 2002, the court sentenced the respondent pursuant to a negotiated plea agreement.[8] The respondent claims that the court's knowledge of the criminal case implicated its ability to remain objective during the termination proceedings.[9] There exists nothing in the record to support the respondent's claim, and the respondent has offered no evidence that tends to demonstrate judicial impropriety. To the contrary, in its March 4, 2011 memorandum of decision denying the respondent's motion, the court indicated that it had no independent recollection of the eight year old criminal case nor any preexisting opinion of the respondent. We conclude that there is no merit to the respondent's claim; see *McKenna* v. *Delente*, supra, 123 Conn. App. 144 ("unverified assertions of opinion, speculation and conjecture cannot support a motion to recuse" [internal

[8] The respondent pleaded guilty to sexual assault in the second degree in violation of General Statutes § 53a-71 with an agreement to a total effective term of ten years, execution suspended after five years and ten years probation with the right to argue for less. The court imposed the agreed on cap of ten years, execution suspended after five years and ten years probation.

[9] In the affidavit submitted in support of his motion, the respondent stated: "In November 2002 Judge Foley sentenced me in a criminal case that might become an issue in the termination of parental rights trial. . . . I am concerned that Judge Foley formed an opinion of me based on this prior interaction between us that will make it difficult for him to maintain the objectivity required of a [j]udge."

quotation marks omitted]); and that the court properly denied the motion to disqualify.

The judgment is affirmed.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.