******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL OUELLETTE *v.* COMMISSIONER
OF CORRECTION
(AC 35548)

Lavine, Beach and Alvord, Js.

*Argued May 20—officially released September 15, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*David B. Rozwaski*, assigned counsel, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Ouellette, appeals after the habeas court denied his petition for certification to appeal from the court's judgment denying his amended petition for a writ of habeas corpus. On appeal, he claims that the habeas court abused its discretion in denying his petition for certification to appeal and erred in denying his claim that his right to due process was violated. The petitioner's due process claim was based upon his argument that he was deprived of a fair trial in his underlying criminal case because of judicial bias. We conclude that the habeas court did not abuse its discretion in denying his petition for certification to appeal. Accordingly, we dismiss the appeal.

The following facts and procedural history are relevant to this appeal. The petitioner was charged with murder in violation of General Statutes § 53a-54a. He waived his right to a jury trial and elected to be tried by a three judge court, *Leuba*, *Wollenberg*, and *Wiese*, *Js.*, pursuant to General Statutes § 54-82 (b). The court found him guilty of murder and sentenced him to a term of sixty years imprisonment. In affirming his conviction on appeal, our Supreme Court determined that the court reasonably could have found the following facts. "On the evening of June 24, 1999, the [petitioner], a diagnosed paranoid schizophrenic, brutally bludgeoned to death Robert Lysz, a Roman Catholic priest, inside St. Matthew's Church in Bristol. The [petitioner] was discovered the next morning hiding in the church rectory, wearing the victim's pants and in possession of the victim's wallet, credit card, and driver's license. Initially, the defendant told the police that he had killed the victim in self-defense, but subsequently raised the affirmative defense of mental disease or defect and the alternative affirmative defense of extreme emotional disturbance." *State* v. *Ouellette*, 271 Conn. 740, 743–44, 859 A.2d 907 (2004).

On February 21, 2012, the petitioner filed an amended petition for a writ of habeas corpus. In the amended petition, he alleged, inter alia,[1] that he was deprived of his rights to due process and a fair trial because he "discovered information that Judge Wollenberg had been discussing the case and the petitioner's defense prior to the close of evidence and before the three-judge panel was to make a decision of the petitioner's guilt or innocence." The return by the respondent, the Commissioner of Correction, raised the affirmative defense of procedural default as to the claim of judicial bias. On March 4, 2013, the habeas court, *Newson*, *J.*, held an evidentiary hearing on the amended petition. The petitioner called three witnesses: (1) Eric Edman, a former judicial marshal; (2) Gregory Senick, an investigator for the petitioner; and (3) Kenneth Simon, the petitioner's trial counsel.

After trial, the habeas court issued an oral ruling denying the petition. The court rejected the respondent's defense of procedural default and concluded that the petitioner failed to prove that there was any violation of his due process rights or that he was prejudiced. The court stated that "[t]he petitioner has merely presented evidence that the court should, through innuendo and speculation, determine that a judge had inappropriate conversations prior to rendering a decision in the matter that would have indicated that the court had made up his mind prior to the disposition. *There's been no evidence whatsoever presented to support that.*" (Emphasis added.) In finding that the petitioner failed to prove any prejudice, the court noted that the petitioner was requesting the court to make a "speculative leap." On March 12, 2013, the petitioner filed an application for certification to appeal, which the habeas court denied. This appeal followed. Additional facts will be set forth as necessary.

We begin our analysis with the relevant standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *McGee* v. *Commissioner of Correction*, 157 Conn. App. 863, 867, A.3d (2015).

On appeal, the petitioner claims that the court improperly concluded that he failed to prove his claim that judicial bias deprived him of due process.[2] Specifically, the petitioner argues that Judge Wollenberg "was predisposed towards the petitioner's case" when he allegedly made off the record comments to Edman, a judicial marshal in his court, regarding the petitioner's guilt, which deprived the petitioner of his constitutional right to due process and to have his case heard by an

impartial trier of fact. We disagree.

"Accusations of judicial bias or misconduct implicate the basic concepts of a fair trial. . . . The standard that we employ on appellate review is whether a reasonable person who is aware of the circumstances surrounding the judicial proceeding would question the judge's impartiality." (Internal quotation marks omitted.) *State* v. *Eric M.*, 79 Conn. App. 91,102, 829 A.2d 439 (2003), aff'd, 271 Conn. 641, 858 A.2d 767 (2004). In this case, the habeas court reasoned that the petitioner's allegations of judicial impropriety amounted to nothing more than mere speculation. "[S]peculation is insufficient to establish an appearance of impropriety. As this court has explained, [a] factual basis is necessary to determine whether a reasonable person, knowing all of the circumstances, might reasonably question the trial judge's impartiality." (Internal quotation marks omitted.) *McKenna* v. *Delente*, 123 Conn. App. 137, 144, 1 A.3d 260 (2010).

After a thorough review of the record and briefs, we agree with the habeas court's finding that the petitioner failed to present a factual basis for his claim of judicial bias. We conclude that the petitioner did not demonstrate that the issues he has raised in the petition for certification to appeal are debatable among jurists of reason, that a court could resolve those issues differently or that the questions raised deserve encouragement to proceed further. Accordingly, we conclude that the petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

[1] At the habeas trial, the petitioner withdrew count one of his amended petition, which alleged ineffective assistance of trial counsel. The court dismissed the claim with prejudice as having been abandoned.

[2] The petitioner also claims that the court erred in limiting the testimony of Senick at the habeas trial. The respondent argues that the petitioner's claim is unpreserved because he did not raise it in his petition for certification to appeal. In his petition for certification to appeal, the petitioner lists three grounds: "(1) Whether or not the habeas court erred in finding that one of the petitioner's criminal trial judges was biased and predisposed to finding the petitioner guilty prior to rendering a verdict; (2) Whether or not the habeas court erred in concluding that if the petitioner had proven bias that he would still need to demonstrate prejudice to the proceedings; and (3) Such other errors as may become evident after a review of the transcripts and the trial record." Neither the petition for certification to appeal nor the application for waiver of fees, costs and expenses included the petitioner's evidentiary claim that the court erred in precluding Senick from comparing Edman's testimony before the habeas court with what Edman told Senick during his investigation. We do not believe such broad language, as alleged in the third ground for appeal, is sufficient to preserve the petitioner's evidentiary claim.

"This court has determined that a petitioner cannot demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of issues that were not actually raised in the petition for certification to appeal. . . . Under such circumstances, the petition for certification to appeal could not have apprised the habeas court that the petitioner was seeking certification to appeal based on such issues. . . . A review of such claims would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) *Stenner* v. *Commissioner of Correction*, 144 Conn. App. 371, 374–75, 71 A.3d 693, cert. denied, 310 Conn. 918, 76

A.3d 633 (2013). Accordingly, we decline to review the petitioner's claim.

_____