******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY ALLEN *v.* COMMISSIONER
OF CORRECTION
(AC 36362)

Beach, Sheldon and Mullins, Js.

*Argued April 11—officially released August 30, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*James P. Sexton*, assigned counsel, with whom was
*Marina L. Green*, assigned counsel, for the appellant
(petitioner).

*Denise B. Smoker*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, and *Angela Macchiarulo*, senior assistant
state's attorney, for the appellee (respondent).

*Opinion*

SHELDON, J. The petitioner, Anthony Allen, appeals from the judgment denying his petition for certification to appeal from the habeas court's denial of his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification because the record before it clearly established that counsel at his criminal trial rendered ineffective assistance by failing to make a timely request that his jury be polled to assure the unanimity of its verdict. We disagree and thus dismiss the appeal.

The following procedural history is relevant to this appeal. The petitioner was charged with and convicted, after a jury trial, of capital felony in violation of General Statutes §§ 53a-54b (8) and 53a-8 (a), murder in violation of General Statutes §§ 53a-54a and 53a-8 (a), conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a, attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), and conspiracy to commit assault in the first degree in violation of §§ 53a-48 (a) and 53a-59 (a) (5).

Our Supreme Court affirmed the petitioner's convictions on direct appeal. *State* v. *Allen*, 289 Conn. 550, 958 A.2d 1214 (2008). In his direct appeal, the petitioner claimed, inter alia, that the trial court had improperly denied his request to poll the jury. The Supreme Court rejected the petitioner's claim on the ground that his request to poll the jury had been untimely. Id., 580.

The petitioner thereafter filed this petition for a writ of habeas corpus alleging that his criminal trial counsel had been ineffective in failing to make a timely request that his jury be polled. The habeas court held a hearing on the petition, at which the court asked the petitioner's habeas counsel, Joseph Visone, how the petitioner had been prejudiced by his trial counsel's allegedly deficient failure to timely request a jury poll. Visone cited *State* v. *Pare*, 253 Conn. 611, 755 A.2d 180 (2000), for the proposition that the denial of a timely request to poll a jury is "per se reversible" error. Upon further inquiry by the court, however, Visone conceded that the rule enunciated in *Pare* applies only to timely requests to poll and, because there had been no such request in this case, he could not prove that the petitioner was prejudiced by trial counsel's failure to timely request a jury poll. He explained, "I can prove the first prong of *Strickland*, but, again, the second prong of *Strickland* is difficult to prove because . . . [w]e don't know what [the jurors] would have said. Now it's too late to ask them because . . . you have to poll them before they're dismissed, so they're not corrupted." The court then specifically asked Visone, "You're not making an argument that there's some per se violation?" Visone responded, "Only if the polling is . . . timely . . . ."

The habeas court thus denied the petition "for failure to prove the prejudice [prong]" of ineffective assistance of counsel. The petitioner thereafter petitioned for certification to appeal. Upon the denial of his petition, he filed this appeal.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . .

"In order to establish an ineffective assistance of counsel claim a petitioner must meet the two-pronged test enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Specifically, the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . Because both prongs of *Strickland* must be demonstrated for the petitioner to prevail, failure to prove either prong is fatal to an ineffective assistance claim. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Myers* v. *Commissioner of Correction*, 164 Conn. App. 1, 10–12, 134 A.3d 237 (2016).

The petitioner claims on appeal that the habeas court erred in denying his petition on the merits based upon his failure to prove that he had been prejudiced by

his trial counsel's failure to timely request a jury poll because the prejudice prong "is presumed . . . . satisfied where there is a basis for believing that the jury may not have been unanimous and trial counsel's motion to poll the jury was not timely."[1] In response, the respondent, the Commissioner of Correction, argues, inter alia, that the petitioner waived this claim before the habeas court, as demonstrated by the previously quoted statements by his habeas counsel. We agree with the respondent.

"[W]aiver is [t]he voluntary relinquishment or abandonment—express or implied—of a legal right or notice. . . . In determining waiver, the conduct of the parties is of great importance. . . . [W]aiver may be effected by action of counsel. . . . When a party consents to or expresses satisfaction with an issue at trial, claims arising from that issue are deemed waived and may not be reviewed on appeal. . . . Thus, [w]aiver . . . involves the idea of assent, and assent is an act of understanding." (Internal quotation marks omitted.) *State* v. *Thompson*, 146 Conn. App. 249, 259-60, 76 A.3d 273 (2013). "When a party affirmatively waives a claim at trial, we generally do not afford review of that claim on appeal . . . ." Id., 262.

Here, Visone conceded that he could not prove that the petitioner had been prejudiced by trial counsel's failure to timely request a jury poll. Visone also explicitly acknowledged that prejudice is presumed only if a request to poll is timely, and that there had been no such timely request in this case. Because Visone affirmatively waived the claim of presumed prejudice, or prejudice on any other basis, we conclude that the habeas court properly denied the petition for a writ of habeas corpus and thus that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Because the habeas court denied the petition on the basis of the petitioner's failure to prove prejudice, our review on appeal is confined to that determination, and the issue of whether the petitioner satisfied the first prong of *Strickland* is not before us.